# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1260

_____

R.K.N.

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 19, 2012
Filed: December 3, 2012

_____

Before MELLOY and BENTON, Circuit Judges, and BAKER,[1] District Judge.

_____

BENTON, Circuit Judge.

R.K.N. petitions for review of the Board of Immigration Appeals' (BIA) decision denying him asylum, withholding of removal, and protection under the

_____

[1]The Honorable Kristine Gerhard Baker, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Convention Against Torture. Having jurisdiction under 8 U.S.C. § 1252(a), this court denies the petition.

I.

R.K.N.,[2] a native citizen of Kenya, originally came to the United States in 1998 on an F-1 student visa. Following a trip home to Kenya, he was denied entry in October 2001, because his visa had expired. He sought asylum based on a fear of returning to Kenya due to his HIV-positive status and his membership in the "Mungiki" group (which opposes the Kenyan government, fights corruption, and advocates a return to traditional values). R.K.N. admitted his visa was expired, but declared his intent to file for asylum, withholding of removal, and CAT protection.

In 2005, an Immigration Judge denied R.K.N.'s applications based on an adverse credibility finding. R.K.N. appealed to the BIA, which dismissed his appeal in 2006. A different member of the BIA, sua sponte, reopened and vacated the dismissal, remanding the case to a new IJ for re-hearing. At a preliminary hearing, the IJ informed R.K.N. that he had until 15 days before the final hearing to submit supporting documentation. At the final hearing, another IJ excluded some of R.K.N.'s medical records. The IJ denied R.K.N.'s applications in 2009, based on an adverse credibility finding.

R.K.N. appealed to the BIA, which dismissed his appeal. He petitions for review of that decision, arguing that the BIA failed to address his HIV-status claim and his claim that the IJ improperly excluded the medical records. R.K.N. also

---

[2]R.K.N. moved to proceed under pseudonym. The government did not oppose the motion, which is hereby granted.

contends that the BIA's recognition that the IJ applied the incorrect credibility standard should have triggered remand.[3]

## II.

This court reviews the BIA's decision as the final agency action, but to the extent the BIA adopts the findings of the IJ, this court reviews those findings as part of the final agency action. *Matul-Hernandez v. Holder*, 685 F.3d 707, 710-11 (8th Cir. 2012). This court reviews decisions on asylum, withholding of removal, and CAT protection under the substantial evidence standard. *Guled v. Mukasey*, 515 F.3d 872, 879 (8th Cir. 2008). The IJ's findings, including credibility determinations, are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ali v. Holder*, 686 F.3d 534, 538 (8th Cir. 2012), *quoting* **8 U.S.C. § 1252(b)(4)(B).** This court reviews legal determinations de novo, but with great deference to the BIA's interpretation of immigration statutes and regulations. *Matul-Hernandez*, 685 F.3d at 711.

## A.

R.K.N. argues that the BIA failed to address his HIV-status claim. An adverse credibility finding on one claim does not necessarily defeat other claims. *See Hassan v. Gonzales*, 484 F.3d 513, 518 (8th Cir. 2007) (finding that the IJ's credibility findings rebutted only one of the petitioner's two claims). R.K.N. contends that the BIA discounted his credibility only on the Mungiki claim, but not on the HIV-status claim. By not addressing this claim on appeal, R.K.N. argues, the BIA did not satisfy

---

[3]Originally, R.K.N. argued that his "asylum clock" should have been reset. The government memorialized the resolution of this issue in a letter to this court. At oral argument, R.K.N. contended that he was unsure if the resolution was adequate. This court advised him of his option to reply to the government's letter, which he declined. This court considers the asylum-clock issue resolved.

its obligation that the "grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." *Omondi v. Holder*, 674 F.3d 793, 800 (8th Cir. 2012), *quoting* *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943).

In this case, however, the BIA specifically incorporated the findings of the IJ: "[T]he Immigration Judge's adverse credibility determination, as predicated on material inconsistencies between the respondent's testimonies and his written application, is amply supported by the record for the reasons stated in the decision (I.J. at 6-7)." The IJ's opinion specifically discusses R.K.N.'s credibility about his trip to Kenya, when he claims to have been beaten because of his HIV status.

"It is well settled that an immigration judge is in the best position to make credibility findings because he or she sees the witnesses as the testimony is given." *Falaja v. Gonzales*, 418 F.3d 889, 894 (8th Cir. 2005), *quoting* *Mayo v. Ashcroft*, 317 F.3d 867, 871 (8th Cir. 2003). "When the BIA has adopted and affirmed the IJ's adverse credibility determination, we defer to those findings if 'supported by specific, cogent reasons for disbelief.'" *Osonowo v. Mukasey*, 521 F.3d 922, 927 (8th Cir. 2008), *quoting* *Onsongo v. Gonzales*, 457 F.3d 849, 852 (8th Cir. 2006). Here, the IJ based its finding on several specific inconsistencies in the evidence about when R.K.N. traveled to Kenya for his father's funeral and was allegedly beaten for being HIV positive. R.K.N. testified the trip was in July 2001 but his brother's affidavit said it was in September 2001. R.K.N. was initially unable to provide the date of his father's death. Once the date was established, R.K.N. was unable to confirm whether his father was alive when he traveled to Kenya. These inconsistencies are specific, cogent reasons for the IJ's adverse credibility finding.

Moreover, the BIA did not completely ignore R.K.N.'s argument. *See Omondi*, 674 F.3d at 801 (remanding a case to the BIA because it did not address, in any way, one of the arguments on appeal). While the BIA's examples of credibility findings

-4-

here were from the Mungiki claim, the BIA acknowledged that other claims existed but did not alter the outcome:

> The respondent raises several other arguments on appeal including, *inter alia*, the Immigration Judge's decision as to whether to admit certain medical documents, the Immigration Judge's findings as to past persecution, the Immigration Judge's alleged use of documents outside of the record regarding country conditions, the Immigration Judge's reliance on certain evidence regarding HIV treatment in Kenya, and alleged due process violations. Inasmuch as the Immigration Judge's decision is supported based on the adverse credibility determination, we find it unnecessary to address these arguments as they would not otherwise alter our decision.

Because the BIA specifically incorporated the IJ's adequate findings and specifically foreclosed R.K.N.'s additional arguments from affecting the outcome, the BIA did not err in affirming the IJ's denial of asylum, withholding of removal, and CAT protection.

B.

R.K.N. argues that the BIA erred by failing to address the admissibility of medical records. The excluded records allegedly demonstrate the injuries he suffered when supposedly beaten because of his HIV status. At the preliminary hearing, after discussing medical records for the HIV claim, the IJ ruled that R.K.N. had until 15 days before the final hearing to submit documentation supporting his claim.[4] Because R.K.N. complied with this order, he contends that it is unfair that the evidence was then excluded at the final hearing.

---

[4]The specific contents of the medical records were not discussed at the preliminary hearing. It is possible that the medical records to which the IJ referred were medical tests that showed R.K.N. was HIV positive.

At the preliminary hearing, however, the IJ made no determinations on admissibility; rather, she simply set a production schedule. Contrary to R.K.N.'s contention, compliance with the production schedule does not guarantee admissibility.

Traditional rules of evidence do not apply in immigration proceedings. ***Tun v. Gonzales***, 485 F.3d 1014, 1025-26 (8th Cir. 2007). Rather, IJs must comport with requirements of due process, that evidence be probative and its admission be fundamentally fair. ***Id.*** The IJ excluded the evidence due to potential bias to the government because of the age of the documents and the inability to validate them. Whether this ruling is correct, however, is irrelevant, because R.K.N. has not "demonstrated that the outcome would have been any different but for the BIA's error." ***Puc-Ruiz v. Holder***, 629 F.3d 771, 782 (8th Cir. 2010). Conversely, the BIA precluded any error from being harmful. The opinion specifically lists "the Immigration Judge's decision as to whether to admit certain medical documents" as among the arguments that "would not otherwise alter our decision."

The BIA did not err in rejecting R.K.N.'s evidentiary contention.

C.

The REAL ID Act of 2005 broadened the universe of material an IJ may consider when making a credibility determination. *See* **8 U.S.C. § 1158(b)(1)(B)(iii)** (permitting a judge to consider "the totality of the circumstances . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim"). The Act's standard, however, only applies to asylum applications made after May 11, 2005. ***Chen v. Mukasey***, 510 F.3d 797, 801 (8th Cir. 2007); ***In re S-B-***, 24 I. & N. Dec. 42, 43 (BIA 2006). R.K.N. contends that before the Act, the IJ "could base a negative credibility finding" on inconsistencies that went "to the heart of the asylum claim." R.K.N. relies on this court's oft quoted-language: "While

minor inconsistencies and omissions will not support an adverse credibility determination, inconsistencies or omissions that relate to the basis of persecution are not minor but are at the heart of the asylum claim." ***Onsongo v. Gonzales***, 457 F.3d 849, 853 (8th Cir. 2006), *quoting **Jalloh v. Gonzales***, 423 F.3d 894, 898 (8th Cir. 2005). This court, however, never *required* that adverse credibility findings be based on evidence going to the heart of the asylum claim. This court required "specific, cogent reasons" to disbelieve the applicant's claim. *See **Singh v. Gonzales***, 495 F.3d 553, 556 (8th Cir. 2007) (harmonizing this court's standard of "specific, cogent reasons" with the pre-Act statutory standard that a credibility determination be accepted "unless any reasonable adjudicator would be compelled to conclude to the contrary").

R.K.N. initially applied for asylum in 2002. The BIA properly noted that the IJ may have incorrectly applied the Act's standard. The BIA held, however, that the credibility determination could be sustained "even under pre-REAL ID Act standards." R.K.N. is correct that the BIA cannot find new facts to support the IJ's decision. *See **Nabulwala v. Gonzales***, 481 F.3d 1115, 1118 (8th Cir. 2007). In this case, however, the BIA did not find facts. The BIA made a *legal conclusion* that the IJ's facts support an adverse credibility finding under the pre-Act standard. Each fact listed by the BIA is supported with citation to the IJ's opinion. The BIA did not engage in improper factfinding.

R.K.N. also asserts that once the BIA determined that the IJ applied the incorrect standard, it should have remanded the case in order to comport with the BIA's "policy" in *In re S-B-*. By remanding in *In re S-B-*, however, the BIA was not making a policy pronouncement; its remand was based on the facts in that case. In *In re S-B-*, the BIA found that two of the four grounds for the credibility determination were improper. ***In re S-B-***, 24 I. & N. Dec. at 45. Here, R.K.N. does not contend that any grounds are improper; he complains only that none relate to the

-7-

HIV claim (which, as described above, was sufficiently resolved by the BIA's incorporation of the IJ's findings).

Further, in *In re S-B-*, the BIA applied Sixth Circuit precedent. The Sixth Circuit, contrary to this court, requires that all credibility findings in pre-Act cases be based on inconsistencies that go to the heart of the claim. *Compare* **Sylla v. INS**, 388 F.3d 924, 926 (6th Cir. 2004) ("An adverse credibility finding must be based on issues that go to the heart of the applicant's claim. . . . If discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, they have no bearing on credibility." (citations omitted) (internal quotation marks omitted)), *superseded by statute*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, *with* **Tebyasa v. Holder**, 593 F.3d 707, 711 (8th Cir. 2010) (holding, in a pre-Act case, that "numerous inconsistencies, *some* going to the heart of the claim, provide a specific, cogent reason to disbelieve [the applicant]'s claim of persecution." (emphasis added)).

*In re S-B-* contained two improper grounds for an adverse credibility finding and a legal framework compelling remand. *See* **In re S-B-**, 24 I. & N. Dec. at 46 ("As the standards articulated by the Sixth Circuit differ in significant respects from the REAL ID Act credibility provisions when applied to the credibility determination in this case, we will remand the record for an analysis of the respondent's credibility under controlling law of the Sixth Circuit and our precedent decisions."). In this case, neither of those factors are present. The BIA did not error by failing to remand the case.

\* \* \* \* \* \* \*

The petition for review is denied.

_____

-8-