# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-1444

_____

Jorge Barillas-Mendez,

*Petitioner*,

v.

Loretta E. Lynch, Attorney General of United States[*],

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 9, 2014
Filed: June 4, 2015

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jorge Roberto Barillas-Mendez petitions for review of an order of the Board of Immigration Appeals. The Board affirmed an immigration judge's decision denying Barillas-Mendez's applications for asylum and withholding of removal, and

---

[*]Loretta E. Lynch is automatically substituted for Eric H. Holder pursuant to Federal Rule of Appellate Procedure 43(c)(2).

ordering him removed from the United States. Barillas-Mendez argues that the Board erred in ruling that he had not established past persecution in Guatemala, because it failed to consider the cumulative impact of the physical and economic abuse he suffered and did not take into account his young age at the time of the abuse. We conclude that the Board considered the relevant factors, and that the record does not compel a finding contrary to the Board's. We therefore deny the petition.

I.

The Attorney General has discretion to grant asylum to an alien who, due to past persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion," is unable or unwilling to return to his home country, and thus qualifies as a refugee. 8 U.S.C. § 1101(a)(42)(A); *see* 8 U.S.C. § 1158(b). Barillas-Mendez, a citizen of Guatemala, entered the United States in April 2006 without inspection and sought asylum and withholding of removal. He contends that in Guatemala, he suffered economic and physical abuse by an aunt, and a beating by a cousin, that amounted to persecution.

Barillas-Mendez testified that from age thirteen to seventeen, he lived with his aunt Hilda in Escuintla, Guatemala, and that his parents were in the United States during this time. He said that Hilda beat him every second day with either a piece of wood or an electricity cable, leaving red marks and bruises. Hilda also kept money that his father sent her to provide for Barillas-Mendez. Barillas-Mendez explained that he was unable to tell his parents about the abuse, because Hilda monitored their phone conversations. He said that police never learned of the abuse, as neighbors never knew about it and would not have reported it anyway. Barillas-Mendez testified that his mother arranged for him to travel to the United States after she visited Escuintla and observed his living conditions.

Barillas-Mendez testified about one beating allegedly administered by his second cousin, a member of the MS-13 gang, and a group of the cousin's friends. Barillas-Mendez said that his second cousin initiated the beating because Hilda told him negative things about Barillas-Mendez, and because the cousin believed that Barillas-Mendez was a member of a rival gang. As a result of the beating, Barillas-Mendez suffered bleeding from his mouth.

On the same day that Barillas-Mendez entered the United States, the Department of Homeland Security issued him a Notice to Appear, charging that he was subject to removal. Barillas-Mendez admitted that he was removable, but filed an application for asylum and withholding of removal. He argued that he suffered persecution by his aunt and cousin in Guatemala, and that he has a well-founded fear that he would be persecuted if he were returned to Guatemala.

The IJ denied Barillas-Mendez's application and ordered his removal. While the IJ found Barillas-Mendez to be generally credible, he concluded first that Barillas-Mendez's allegations of abuse suffered in Guatemala did not establish persecution or a well-founded fear of future persecution. Second, the IJ ruled alternatively that actions by private individuals such as the aunt and cousin would not amount to persecution, and that Barillas-Mendez failed to show that the government was unwilling or unable to control them. Third, the IJ reached another alternative conclusion that Barillas-Mendez failed to show that the alleged persecution was on account of the protected grounds alleged—political opinion or membership in a particular social group—as required for relief.

The Board affirmed the IJ's determination that Barillas-Mendez had not established past persecution in Guatemala because the physical abuse he suffered did not rise to the level of harm required to constitute persecution. The Board also agreed with the IJ that Barillas-Mendez had not established a well-founded fear of future persecution based on a protected ground, but the Board did not appear to address the

-3-

IJ's conclusion that abuse by the aunt and cousin as private individuals did not constitute persecution. Because Barillas-Mendez was not eligible for asylum, the Board concluded that he could not meet the more rigorous standard required for withholding of removal. On review, we must uphold administrative findings of fact unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Kimumwe v. Gonzalez*, 431 F.3d 319, 321 (8th Cir. 2005).

II.

Barillas-Mendez argues that he suffered persecution at the hands of his aunt and cousin, and that no reasonable factfinder could have found otherwise. Persecution is generally defined as "the infliction or threat of death, torture, or injury to one's person or freedom." *Regalado-Garcia v. INS*, 305 F.3d 784, 787 (8th Cir. 2002). It is "an extreme concept that excludes low-level intimidation and harassment." *Alavez-Hernandez v. Holder*, 714 F.3d 1063, 1067 (8th Cir. 2013) (internal quotation mark omitted). As such, neither isolated violence nor minor beatings require a finding of persecution. *Garcia-Colindres v. Holder*, 700 F.3d 1153, 1157 (8th Cir. 2012). Persecution also may include "the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food . . . or other essentials of life." *Ngengwe v. Mukasey*, 543 F.3d 1029, 1036 (8th Cir. 2008) (internal quotation mark omitted). Whether harm amounts to persecution depends on the "cumulative significance" of all instances of abuse. *See id.* at 1036-37.

We conclude that the Board was not compelled to find that the physical abuse inflicted by Hilda, the petitioner's cousin, and the cousin's friends amounted to persecution, either in isolation or cumulatively. There is no evidence that Barillas-Mendez suffered lasting physical injury, and "[t]he mere presence of some physical harm does not require a finding of past persecution." *Al Tawm v. Ashcroft*, 363 F.3d 740, 743 (8th Cir. 2004); *see Ngure v. Ashcroft*, 367 F.3d 975, 990 (8th Cir. 2004).

-4-

The red marks and bruises inflicted by the aunt, and the bloody mouth caused by the cousin, do not compel a finding of persecution. *See Alavez-Hernandez*, 714 F.3d at 1067 (upholding Board's determination that physical attacks that had not "threatened the victims' lives" and resulted in "bruises and scratches" did not amount to persecution); *Malonga v. Holder*, 621 F.3d 757, 765 (8th Cir. 2010) ("Although the beatings and injuries . . . suffered are not insignificant, the presence of physical harm does not require a finding of past persecution."); *Al Tawm*, 363 F.3d at 743.

Barillas-Mendez complains that the Board did not consider the cumulative impact of the abuse inflicted by his aunt and his cousin. While the Board did not expressly speak of cumulative effect, the Board "has no duty to write an exegesis on every contention," *Malonga*, 621 F.3d at 764 (internal quotation mark omitted), and it is apparent that the Board thought combining the "single altercation" involving the cousin with the beatings inflicted by the aunt did not amount to persecution. The Board's concluding statement that Barillas-Mendez had "not identified any further harm that would constitute past persecution" implies that the Board had considered the totality of the events already discussed.

Barillas-Mendez also asserts that the Board failed to consider his age at the time that he suffered the abuse in Guatemala, but the record does not support this contention. The Board recounted Barillas-Mendez's allegation that he was "physically mistreated as a child," so it is apparent that the Board was aware of the context. Under the circumstances here, that Barillas-Mendez was a minor during the events in question does not compel a different conclusion about whether he suffered past persecution.

Barillas-Mendez contends that economic harm inflicted on him by Hilda also should be part of the persecution analysis, but he failed to present this argument to the Board. In his administrative appeal, Barillas-Mendez mentioned twice in passing that Hilda took money his parents sent to provide for him, but never argued that

Hilda's actions constituted economic deprivation that amounted to persecution by itself or in combination with physical abuse. We therefore conclude that Barillas-Mendez failed to exhaust this issue before the Board, and it is not properly before us. *See Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014).

Apart from his argument that the Board was compelled to find past persecution, Barillas-Mendez does not challenge the Board's determination that he failed to show a well-founded fear of future persecution based on a protected ground. Having concluded that the Board permissibly found no past persecution, we uphold the Board's conclusion that Barillas-Mendez failed to qualify for asylum or withholding of removal.

\* \* \*

The petition for review is denied.

_____