# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4457
_____

Caren Lopez-Coronado de Lopez,

*Petitioner,*

v.

Jefferson B. Sessions, III, Attorney General of the United States,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 18, 2017
Filed: April 3, 2018

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Caren Lopez-Coronado de Lopez, a citizen and native of Guatemala, petitions for review of an order of the Board of Immigration Appeals. She proceeds on behalf of herself and her minor son Jhostin as a derivative applicant for asylum. The Board denied Lopez's applications for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition for review.

I.

Lopez entered the United States in June 2015, and applied for asylum, withholding of removal, and relief under the Convention Against Torture on behalf of herself and her son. Lopez contends that her husband and a male neighbor have persecuted her on account of her membership in a particular social group (i.e., "Guatemalan women"), and will persecute her again if she is returned to Guatemala. Although neither the husband nor the neighbor is a state actor, she asserts that the Guatemalan government is unwilling or unable to control these persecutors. *See Menjivar v. Gonzales*, 416 F.3d 918, 921 (8th Cir. 2005).

At a hearing before an immigration judge, Lopez testified concerning two incidents involving her husband Osmar. She explained that during an argument at her home in Guatemala in October 2014, Osmar hit her twice on her legs with a cell phone cord with enough force to leave temporary marks. In November 2014, Osmar hit Lopez three times on her legs with a belt after dragging her into the middle of a street. Lopez reported no violence before 2014, but Jhostin testified that he saw Osmar hit Lopez between five and ten times over the course of their fourteen-year marriage. Osmar and Lopez legally separated in January 2015. Osmar sent insulting text messages to Lopez after the separation, but the messages ceased when she changed her telephone phone number in February 2015. Osmar also complied with a judge's direction that he should not enter Lopez's house after their separation.

Lopez also testified about incidents involving a male neighbor named Hugo Velasquez. Lopez stated that after she separated from Osmar, Velasquez harassed and threatened her. Velasquez sought a romantic relationship with Lopez, but she rejected his advances because he belonged to violent groups and sold drugs. Velasquez persisted and came to Lopez's house several times in June 2015. Lopez or her family called the police twice about Velasquez breaking windows at her home;

the police came on the second occasion, and Velasquez fled.  Lopez testified that she thought Velasquez currently is in prison for unrelated criminal activity.

The immigration judge believed the testimony of Lopez and Jhostin, but rejected the applications for asylum and withholding of removal.  The Board affirmed, concluding that neither the abuse inflicted by Lopez's husband nor Velasquez's threats and harassment rose to the level of past persecution.  The Board also upheld the immigration judge's finding that Lopez failed to establish that the government of Guatemala would be unwilling or unable to protect her from Osmar or Velasquez.  The Board concluded that Lopez had not established a well-founded fear of future persecution because her husband ceased harassing her after the separation, Velasquez was incarcerated, and the police did respond to Lopez's complaints.

We review the Board's factual findings for substantial evidence on the record as a whole, *Menendez-Donis v. Ashcroft*, 360 F.3d 915, 918 (8th Cir. 2004), and do not disturb findings of fact "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).  We review the Board's legal conclusions *de novo*.  *Regalado-Garcia v. INS*, 305 F.3d 784, 787 (8th Cir. 2002).

II.

The Attorney General may grant asylum to aliens who are unwilling to return to their home country because of persecution or a well-founded fear of persecution on account of membership in a particular social group.  *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1).  Lopez argues that the Board erred in concluding that she neither suffered past persecution nor had a well-founded fear of future persecution.  She also contends that the government of Guatemala is unwilling or unable to control her persecutors, so that the alleged persecution of private actors should be attributed to the government.  *See Menjivar*, 416 F.3d at 921.

We conclude that Lopez failed to establish that she suffered past persecution. Husband Osmar assaulted Lopez with a cell phone cord and a belt in October and November 2014, respectively, and hit her five to ten times over the course of a fourteen-year marriage. Although the two most recent assaults left temporary marks on her skin, Lopez never sought medical care and did not claim any lasting injuries. Persecution is an extreme concept, and minor beatings do not amount to persecution. *Barillas-Mendez v. Lynch*, 790 F.3d 787, 789 (8th Cir. 2015). The harassment and threats from neighbor Velasquez also do not cross the threshold to constitute persecution. Velasquez never caused any physical harm to Lopez; unfulfilled threats of physical injury normally do not rise to the level of persecution. *Setiadi v. Gonzales*, 437 F.3d 710, 713 (8th Cir. 2006). Low-level intimidation or harassment alone is not sufficient to warrant relief. *Berte v. Ashcroft*, 396 F.3d 993, 996 (8th Cir. 2005).

We also agree with the Board's conclusion about future persecution. Lopez bore the burden to establish a well-founded fear of future persecution. *Pavlovich v. Gonzales*, 476 F.3d 613, 618 (8th Cir. 2007); *see INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). She again bases her claim on fear of her husband and neighbor. But once Lopez legally separated from her husband, her only reported trouble with him was a set of abusive text messages, and even those ceased after Lopez changed her telephone number. Osmar complied with direction to avoid entering Lopez's home. Velasquez fled from police when they responded to a complaint of harassment shortly before Lopez left the country, and Velasquez is now incarcerated. The record thus does not establish a well-founded fear that either man would persecute Lopez if she were returned to Guatemala.

Because Lopez did not meet the standard of proof for asylum relief, she cannot meet the higher standard for withholding of removal under 8 U.S.C. § 1231(b)(3). *See Ismail v. Ashcroft*, 396 F.3d 970, 975 (8th Cir. 2005). She also has not demonstrated an entitlement to relief under the Convention Against Torture, because

the record does not show more likely than not that she would be subjected to torture in Guatemala.  *See* 8 C.F.R. § 208.16(c)(2).

\* \* \*

The petition for review is denied.

_____