# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1643

_____

Carlos Agusto Mayorga-Rosa

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 15, 2018
Filed: April 24, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

The government began removal proceedings against Carlos A. Mayorga-Rosa, a Guatemalan citizen who entered the United States illegally. He sought asylum, withholding of removal, and protection under the Convention Against Torture. The immigration judge denied relief. The Board of Immigration Appeals dismissed his appeal. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition for review.

I.

Mayorga-Rosa testified that in 2010, he refused Freddie Rivera's request to distribute drugs in the United States. Mayorga-Rosa then talked to a man named Rafael about his conversation with Rivera. Rafael later told Rivera that Mayorga-Rosa had discussed Rivera's request. Mayorga-Rosa claims that due to this, Rivera had Mayorga-Rosa's cousin murdered. The murder happened in 2013, two weeks after his cousin—also known as "Carlos Mayorga"—returned to Guatemala from the United States. Mayorga-Rosa believes he was the intended target of the murder, and that his cousin was mistakenly killed because they went by the same name. He testified he is afraid to return to Guatemala because Rivera might kill him.

"To be eligible for asylum, an applicant must show that she is unable or unwilling to return to her country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Marroquin-Ochoma v. Holder*, 574 F.3d 574, 577 (8th Cir. 2009), *quoting* **8 U.S.C. § 1101(a)(42)(A)**. "An alien is eligible for withholding of removal upon showing a clear probability that his 'life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Quinonez-Perez v. Holder*, 635 F.3d 342, 345 (8th Cir. 2011) (alteration in original), *quoting* **8 U.S.C. § 1231(b)(3)(A)**. "The clear probability standard for withholding of removal is more onerous than the well-founded fear standard for asylum." *Malonga v. Mukasey*, 546 F.3d 546, 551 (8th Cir. 2008).

Mayorga-Rosa argues that he has a well-founded fear of persecution based on his membership in a particular social group. He did not, however, propose a group. The immigration judge "infer[red] that the social group relates to refusal to participate in drug trafficking and speaking out of turn about a solicitation to become involved in drug trafficking." The immigration judge concluded this group is insufficient:

-2-

As the case law has held concerning gangs, fear of gangs, fear of gang recruitment, individuals returning from the United States who may be perceived as wealthy, people who fear gangs because of family members who are gang members or former gang members, and a host of other situations involving gang and gang violence, do not constitute particular social groups.

At the BIA, Mayorga-Rosa contended that the immigration judge did not allow closing arguments, when he planned to propose a group. The BIA explained that Mayorga-Rosa "had an obligation to present his proposed social group" to the immigration judge, and he did "not have a legal right to present a closing argument and should not have waited until the end of the hearing to designate a social group."

II.

"We review questions of law *de novo*, and we review the agency's factual determinations under the substantial evidence standard, reversing only where a petitioner demonstrates that the evidence was so compelling that no reasonable fact finder could fail to find in favor of the petitioner." ***De Castro-Gutierrez v. Holder***, 713 F.3d 375, 379 (8th Cir. 2013) (citation and internal quotation marks omitted). "This court reviews the BIA's decision as the final agency action, but to the extent the BIA adopts the findings of the IJ, this court reviews those findings as part of the final agency action." ***R.K.N. v. Holder***, 701 F.3d 535, 537 (8th Cir. 2012).

Mayorga-Rosa argues that the BIA should have required the immigration judge to "seek clarification" about the social group. He relies on the BIA's decision in *Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189 (BIA 2018). There, the BIA described when an immigration judge must "seek clarification" on a proposed social group's delineation:

[A]n applicant for asylum or withholding of removal must clearly indicate on the record before the Immigration Judge what enumerated grounds she is relying upon in making her claim. Where an applicant raises membership in a particular social group as the enumerated ground that is the basis of her claim, she has the burden to clearly indicate the exact delineation of any particular social groups to which she claims to belong.

While it is an applicant's burden to specifically delineate her proposed social group, the Immigration Judge should ensure that the specific group being analyzed is included in his or her decision. If an applicant is not clear as to the exact delineation of the proposed social group, the Immigration Judge should seek clarification, as was done in this case. It is important to our appellate review that the proposed social group is clear and that the record is fully developed.

*W-Y-C-*, 27 I&N Dec. at 191 (internal citations and quotation marks omitted). Mayorga-Rosa says the BIA erred by not requiring the immigration judge to seek clarification on the bounds of his social group.

Mayorga-Rosa's reading of *W-Y-C-* means that if an applicant does not meet his or her burden to propose a social group, then the immigration judge must ensure the applicant does so. That is not what *W-Y-C-* says. It says that if an applicant has *proposed* a social group and its "exact delineation" is unclear, then the immigration judge should seek clarification. **Id.** Mayorga-Rosa did not meet his burden to propose a social group, so the immigration judge did not need to seek clarification. He also concedes in his brief that the immigration judge "inferred . . . the correct particular social group." The *W-Y-C-* case does not compel remand.[1]

---

[1] Mayorga-Rosa raised this issue in a motion to remand filed after briefing concluded (when *W-Y-C-* was decided). This court denies that motion.

III.

"[I]n evaluating membership in a particular social group[,] the petitioner 'must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Ngugi v. Lynch*, 826 F.3d 1132, 1138 (8th Cir. 2016), *quoting Matter of M-E-V-G-*, 26 I&N Dec. 227, 237 (BIA 2014). "To have social distinction, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Matter of A-R-C-G-*, 26 I&N Dec. 388, 393-94 (BIA 2014) (citation and internal quotation marks omitted).

Mayorga-Rosa says that the BIA's decision in *M-E-V-G-* required the immigration judge to make, in Mayorga-Rosa's words, (1) a "specific, record-based conclusion about how members of the particular society in question perceive the group proposed" and (2) a finding of fact "whether the group membership was immutable." Because the immigration judge did not make these findings, he believes this court must remand.

The *M-E-V-G-* decision explains that immutability and social distinction—along with particularity—are necessary elements to a cognizable social group. *M-E-V-G-*, 26 I&N Dec. at 237. But it does not require the immigration judge to make findings on each element. Rather, it says that "the applicant has the burden to establish a claim based on membership in a particular social group and will be required to present evidence that the proposed group exists in the society in question." *Id.* at 244. In other words, Mayorga-Rosa had to prove that he is in a social group that is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct in Guatemalan society.

-5-

After considering the evidence, cases from this court, and *M-E-V-G-*, the immigration judge ruled that it did "not find [Mayorga-Rosa] to be a member of a particular social group for purposes of relief." "[A]n immigration judge has 'no duty to write an exegesis on every contention, [but must] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" ***Liu v. U.S. Dep't of Justice***, 13 F.3d 1175, 1178 (8th Cir. 1994) (alteration in original), *quoting **Barragan-Verduzco v. INS***, 777 F.2d 424, 426 (8th Cir. 1985). The immigration judge met that standard.

IV.

As for the BIA, it ruled that the proposed social group is not "defined with particularity" because it is "amorphous" and "too broad and indeterminate to describe a discrete or particular group with defined boundaries." The BIA stated: "The group includes any individuals in Guatemala regardless of their current age, who were once recruited and threatened by gang members but who did not join or assist the gang in drug trafficking activities." Mayorga-Rosa challenges that statement in two ways.

First, Mayorga-Rosa says that the statement "imposed a legal requirement unsupported by this Court's cases"—that size is "a limiting factor in determining whether a group constitutes a cognizable particular social group." He argues that the "limiting factor" ignores that "this Court has recognized some incredibly large groups." To the contrary, the BIA's decision does not impose a rule that large groups are not cognizable. Instead, the statement described the group's characteristics, that is, whether the group is "discrete" and has "definable boundaries," or is "amorphous, overbroad, diffuse, or subjective," factors used to evaluate whether a group is "defined with particularity." *See **M-E-V-G-***, 26 I&N Dec. at 239.

Second, Mayorga-Rosa says that the statement is inaccurate because it does not mention that a person must have been "speaking out of turn" to be a group member.

He says the statement's inaccuracy compels remand because it shows that the BIA analyzed the wrong social group. But he ignores that two other sentences in the same paragraph include the "speaking out of turn" element. The BIA did not analyze the wrong group, and any inaccuracy in the statement is harmless. *See R.K.N. v. Holder*, 701 F.3d 535, 539 (8th Cir. 2012) ("Whether this ruling is correct, however, is irrelevant, because R.K.N. has not demonstrated that the outcome would have been any different but for the BIA's error.") (citation and internal quotation marks omitted).

V.

Mayorga-Rosa argues that the BIA did not understand the social group because it said that the group was impermissibly "defined by the harm suffered by its members." He says that people do not need to be harmed to be in the group. True, the BIA's words are inaccurate. But these words are only one reason why the BIA ruled that the group was not "defined with particularity." This court has already rejected Mayorga-Rosa's challenge to a valid reason for the BIA's ruling, meaning this inaccuracy is harmless. *See R.K.N.*, 701 F.3d at 539.

VI.

According to Mayorga-Rosa, the immigration judge and BIA both decided that "anyone afraid of what might be described as a gang cannot be a member of a particular social group." Neither decision, however, set that bright-line rule. Rather, both decisions summarized past cases concluding that, on the facts there, being subject to gang violence is not enough to create a particular social group. *See e.g.*, *Juarez Chilel v. Holder*, 779 F.3d 850, 855 (8th Cir. 2015) ("Juarez Chilel has offered no evidence to support the conclusion that his purported group—those who refuse to join a gang and suffer from threats of violence as a result—shares 'a common immutable characteristic,' is 'defined with particularity,' or is sufficiently

socially distinct to qualify as a 'particular social group.'"); ***Gaitan v. Holder***, 671 F.3d 678, 682 (8th Cir. 2012) (holding that "young males from El Salvador who have been subjected to recruitment by MS-13 and who have rejected or resisted membership in the gang based on personal opposition to the gang" is not a cognizable social group); ***Constanza v. Holder***, 647 F.3d 749, 754 (8th Cir. 2011) ("'[P]ersons resistant to gang violence' are too diffuse to be recognized as a particular social group."). The BIA did not err.

## VII.

Mayorga-Rosa argues that the BIA engaged in impermissible fact-finding to conclude that he does not have a well-founded fear of persecution. This court need not address this issue. Even if he has a well-founded fear of persecution, that fear must be "on account of race, religion, nationality, membership in a particular social group, or political opinion.'" ***Marroquin-Ochoma***, 574 F.3d at 577, *quoting* **8 U.S.C. § 1101(a)(42)(A)**. Mayorga-Rosa has not met one of those grounds, meaning any error on this issue is harmless. *See **R.K.N.***, 701 F.3d at 539.

*******

The petition for review is denied.

_____

-8-