# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1769

_____

Julio Soc-Morales

*Petitioner*

v.

William P. Barr, Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 11, 2019
Filed: March 18, 2019
[Unpublished]

_____

Before BENTON, BOWMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Julio Soc-Morales petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the decision of an

immigration judge, which denied him withholding of removal.[1]  Having jurisdiction under  8 U.S.C. § 1252, this court affirms.

This court concludes that substantial evidence supports the denial of withholding of removal because Soc-Morales did not show a clear probability that his life or freedom would be threatened because of one of the five protected grounds.  *See* 8 U.S.C. § 1231(b)(3)(A) (protected grounds include race, religion, nationality, membership in a particular social group, and political opinion); *De Castro-Gutierrez v. Holder*, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); *Quinonez-Perez v. Holder*, 635 F.3d 342, 345 (8th Cir. 2011) (burden of proof).  The group Soc-Morales proposed, and the testimony he provided in support of that group, did not implicate a particular social group.  *See Mayorga-Rosa v. Sessions*, 888 F.3d 379, 383 (8th Cir. 2018) (petitioner must prove his social group was (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct); *see also Matul-Hernandez v. Holder*, 685 F.3d 707, 711-13 (8th Cir. 2012); *Gaitan v. Holder*, 671 F.3d 678, 682 (8th Cir. 2012).

Because Soc-Morales did not establish membership in a particular social group, this court declines to address his other arguments.  *See Mayorga-Rosa*, 888 F.3d at 385.

The petition for review is denied.  *See* 8th Cir. R. 47B.

———————————————

[1]The denial of asylum and relief under the Convention Against Torture is not before the panel.  *See Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014).