# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1358

_____

Manuel Gochez-Castro

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 13, 2019
Filed: April 30, 2019
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After the government removed Manuel Antonio Gochez-Castro from the United States in 2006, he illegally reentered the country in 2010. When the government sought to reinstate his prior removal order, Gochez-Castro expressed a fear of being returned to his native El Salvador. He asserted that a gang in El Salvador had targeted him for persecution because he formerly worked for the

national police in an administrative capacity. An immigration judge didn't find his story credible—a decision the Board of Immigration Appeals upheld. He now petitions for review in our court. Because we think substantial evidence supports the agency's credibility findings, we deny the petition.

We review the BIA's decision as the final agency decision, but to the extent the BIA adopted the findings or reasoning of the IJ, we also review the IJ's decision. *Degbe v. Sessions*, 899 F.3d 651, 655 (8th Cir. 2018). To be eligible for the relief that Gochez-Castro seeks—withholding of removal—he must show that he faces a clear probability that, in the country to which the IJ ordered him removed, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. *Alavez-Hernandez v. Holder*, 714 F.3d 1063, 1066 (8th Cir. 2013). We review the agency's decision on withholding of removal for substantial evidence, and "[t]he IJ's findings, including credibility determinations, are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *R.K.N. v. Holder*, 701 F.3d 535, 537 (8th Cir. 2012). Since an IJ "is in the best position to make credibility findings because he or she sees the witnesses as the testimony is given," *id.* at 538, a credibility determination "receives great deference." *Etenyi v. Lynch*, 799 F.3d 1003, 1006–07 (8th Cir. 2015).

The IJ and BIA gave several specific, cogent reasons for disbelieving Gochez-Castro. For example, Gochez-Castro presented letters purportedly from the national police of El Salvador with several peculiarities: They contained no addresses or contact information; they contained odd misspellings of "El Salvador" in their headings; they contained different seals; and they contained the signatures of officers who purportedly signed the Spanish originals on English versions apparently translated in the United States. The IJ and BIA also thought it curious that Gochez-Castro had failed to provide documentation of his father's death when he claimed that the gang had also murdered his father for working with the national police. Given that Gochez-Castro worked for the police, the IJ noted that gathering documentation from

the police should not have been overly difficult. Gochez-Castro's mother, moreover, submitted a letter on his behalf that omitted any reference to his father's death or the fact that Gochez-Castro was sending her one thousand dollars each month to satisfy the gang's extortionate demands, which Gochez-Castro said he had been doing. The IJ and BIA also found it strange that Gochez-Castro did not report an alleged attack on himself or his father to the police given his employment there. And we detect no fault in the IJ and BIA giving threatening letters directed to Gochez-Castro little to no weight, since Gochez-Castro failed to show who had written them, when they were written, or where they came from.

On this record, therefore, we cannot say that a reasonable adjudicator would be compelled to conclude that Gochez-Castro was credible. "The combination of an adverse credibility finding and a lack of corroborating evidence for the claim of persecution means that the applicant's claim fails." *Ali v. Holder*, 776 F.3d 522, 526 (8th Cir. 2015).

Petition denied.

_____