## United States Court of Appeals
### For the Eighth Circuit
_____

No. 18-3737
_____

Dominga Miranda Lorenzo; Tomasa Ciprian Miranda

*Petitioner*s

v.

William P. Barr

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: September 3, 2019
Filed: September 10, 2019
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Dominga Miranda Lorenzo, individually and on behalf of her minor daughter Tomasa Ciprian Miranda, petitions for review of an order of the Board of Immigration Appeals, which dismissed her appeal from the decision of an

immigration judge (IJ) denying her request for asylum.[1]  Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

This court concludes that substantial evidence supports the agency's determination that Miranda Lorenzo was not entitled to asylum.  She did not show that she was unable or unwilling to return to Guatemala due to persecution, or a well-founded fear of future persecution, on account of a protected ground.  *See Mayorga-Rosa v. Sessions*, 888 F.3d 379, 381-82 (8th Cir. 2018) (asylum requirements); *Malonga v. Mukasey*, 546 F.3d 546, 550 (8th Cir. 2008) (questions of immigration law are reviewed de novo; factual findings will not be reversed unless petitioner shows evidence is so compelling that no reasonable fact-finder could fail to find in petitioner's favor); *see also Sholla v. Gonzales*, 492 F.3d 946, 951 (8th Cir. 2007) (persecution is an extreme concept involving the threat of death, or the threat or infliction of torture or injury to one's person or liberty).   Miranda Lorenzo's argument concerning economic persecution is not properly before this court.  *See Barillas-Mendez v. Lynch*, 790 F.3d 787, 790 (8th Cir. 2015) (where petitioner never argued to agency that alleged economic deprivation constituted persecution alone or in combination with other harms, concluding issue was unexhausted).

The petition is denied.  *See* 8th Cir. R. 47B.

_____

[1]The IJ's denial of withholding of removal and relief under the Convention Against Torture is not before this panel.  *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is waived).  Because Tomasa Miranda's application is derivative of Miranda Lorenzo's application, *see* 8 U.S.C. § 1158(b)(3)(A), all subsequent references are to Miranda Lorenzo.