# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2499

———————————————

Catarina Lopez-Tercero

*Petitioner - Petitioner*

v.

William P. Barr, Attorney General of United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: April 8, 2020
Filed: April 13, 2020
[Unpublished]

——————————

Before LOKEN, ERICKSON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Catarina Lopez-Tercero petitions for review of an order of the Board of Immigration Appeals, which upheld an immigration judge's denial of asylum and withholding of removal. The agency's conclusion that Lopez-Tercero did not demonstrate past persecution, and the agency's denial of relief under the Convention Against Torture, are not before this court because Lopez-Tercero did not address

those issues in her brief.  See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

Having carefully reviewed the record, we conclude the agency did not err in determining that Lopez-Tercero failed to establish a well-founded fear of future persecution on account of membership in a particular social group, the only protected ground she asserted.  See 8 U.S.C. § 1158(b)(1); Miranda v. Sessions, 892 F.3d 940, 942-43 (standard of review).  This court has held that the group Lopez-Tercero proposed is not a cognizable particular social group, and Lopez-Tercero has offered no evidence or argument that would compel a different result.  See Tejado v. Holder, 776 F.3d 965, 970-71 (8th Cir. 2015) (per curiam); Matul-Hernandez v. Holder, 685 F.3d 707, 712-13 (8th Cir. 2012).  As this issue is dispositive of Lopez-Tercero's asylum claim, we decline to address her other arguments.  See De la Rosa v. Barr, 943 F.3d 1171, 1174 (8th Cir. 2019); Mayorga-Rosa v. Sessions, 888 F.3d 379, 385 (8th Cir. 2018).  Finally, because she failed to satisfy her burden of proof on her asylum claim, we conclude that she has necessarily failed to satisfy the more rigorous standard for withholding of removal.  See Al Tawm v. Ashcroft, 363 F.3d 740, 744 (8th Cir. 2004).

Accordingly, the petition for review is denied.  See 8th Cir. R 47B.

_____