# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2851

_____

Eydi Xec-Chavez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 3, 2022
Filed: March 24, 2022
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Eydi Xec-Chavez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed her appeal from an immigration judge's (IJ's) decision denying her application for asylum and

withholding of removal.[1] Having considered the record and the parties' arguments, we deny the petition for review.

Xec-Chavez sought relief before the IJ based on membership in the following proposed particular social groups (PSGs): (1) "family members of Guatemalan soldiers," involving threats made by gang members, and (2) "individuals who have been mistreated by a family member," involving unrelated abuse from a family member. In her BIA appeal, however, she expressly delineated a reformulated version of her second proposed PSG. The BIA did not consider it and instead considered her claims as she originally delineated them.

In this court, Xec-Chavez expressly abandons her first proposed PSG. To the extent she nevertheless continues to assert entitlement to relief based on the gang-related incidents, she cannot do so in light of her decision to abandon the PSG on which she based those claims. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

As for her second proposed PSG, Xec-Chavez argues the BIA erred by failing to consider the re-delineated version, claiming counsel "inarticulately" defined the PSG before the IJ. On the record in this case, we conclude the BIA did not reversibly err by disregarding her reformulated PSG on appeal. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190–91 (BIA 2018) (reiterating the BIA's long-standing waiver rule and the applicant's burden to "clearly indicate 'the exact delineation of any [PSG(s)] to which she claims to belong'") (citation omitted); *see also*, *e.g.*, *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021) (explaining the BIA has discretion to entertain new PSGs but "does not commit reversible error by declining to do so");

_____

[1]We do not review Xec-Chavez's claim for protection under the Convention Against Torture because she expressly abandoned it. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

*Cantarero-Lagos v. Barr*, 924 F.3d 145, 151–52 (5th Cir. 2019) (concluding requirement in *W-Y-C-* for an "exact delineation" for PSGs was not "excessively strict"); *accord Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (holding BIA "does not per se err when it concludes that arguments raised for the first time on appeal do not have to be entertained."). To the extent Xec-Chavez further attempts to narrow her PSG in this court, we lack jurisdiction to consider it. *See Baltti v. Sessions*, 878 F.3d 240, 244 (8th Cir. 2017).

Because Xec-Chavez argues she was entitled to asylum based on her reformulated PSG, but does not meaningfully challenge the BIA's reasons for denying her claim as originally delineated, we conclude she has waived review of the BIA's dispositive determinations. *See Chay-Velasquez*, 367 F.3d at 756. In any event, the agency did not err in denying asylum. *See*, *e.g.*, *Fuentes v. Barr*, 969 F.3d 865, 871–72 (8th Cir. 2020) (cognizability); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1117, 1117–19 & n.3 (8th Cir. 2020) (nexus); *Barillas-Mendez v. Lynch*, 790 F.3d 787, 788–90 (8th Cir. 2015) (past persecution). Finally, to the extent Xec-Chavez intended to challenge the denial of withholding of removal, her claim fails. *See Baltti*, 878 F.3d at 246 (explaining a petitioner ineligible for asylum necessarily cannot meet the higher burden of proof required for withholding of removal).

For these reasons, we deny the petition for review. *See* 8th Cir. R. 47B.

_____