# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3555

_____

Carlos H. Gonzalez Osorio; Berta Rossana Monterroso De Gonzalez; B.A.G.M.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: July 19, 2022
Filed: July 26, 2022
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizens Carlos H. Gonzalez Osorio, Berta Rossana Monterroso De Gonzalez, and their daughter, "B.A.G.M." (collectively, "the Gonzalez Osorios") petition for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA dismissed the Gonzalez Osorios's appeal from the decision of an immigration judge denying their requests for asylum and withholding of removal relief.[1]  The Gonzalez Osorios's challenge to the characterization of their proposed particular social group, raised for the first time on appeal, is not properly before this court.  *See Ateka v. Ashcroft,* 384 F.3d 954, 957 (8th Cir. 2004) (if petitioner fails to raise particular issue when he appeals to BIA, he has not exhausted administrative remedies); *cf. Mayorga-Rosa v. Sessions*, 888 F.3d 379, 382-83 (8th Cir. 2018) (burden is on applicant to propose a particular social group).

The court finds no error—whether considering the particular social group presented to the agency, or the one raised on appeal—in the agency's determination that the Gonzalez Osorios did not demonstrate the requisite nexus between their fear of persecution, and membership in a proposed particular social group.  *See Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (nexus is a factual determination reviewed for substantial evidence); *Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 869 (8th Cir. 2018) (this court will reverse only if it determines that a reasonable factfinder would have to conclude that the petitioner's proposed protected ground "actually and sufficiently motivated his persecutors' actions"). Further, the failure to establish a sufficient nexus was dispositive of their claims for asylum.  *See Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017) (per curiam) (lack of nexus is a basis to deny an asylum application).  Substantial evidence supports the agency's conclusion that the Gonzalez Osorios were not eligible for withholding of removal relief.  *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum necessarily cannot meet more rigorous standard of proof for withholding of removal).

---

[1]The applications of Berta Rossana Monterroso De Gonzalez and B.A.G.M. are derivative of Carlos Gonzalez Osorio's application.  *See* 8 U.S.C. § 1158(b)(3)(A), (B).  The denial of relief under the Convention Against Torture is not before this panel.  *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is waived).

The petition is denied. *See* 8th Cir. R. 47B.

_____