# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-1609

———————————————

Daniel Flores, also known as Jose Julio Granadeno-Rosales

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: September 20, 2012
Filed: November 7, 2012

————————

Before MELLOY and BENTON, Circuit Judges, and BAKER,[1] District Judge.

————————

MELLOY, Circuit Judge.

Daniel Flores petitions for review of an order of the Board of Immigration Appeals (BIA) denying his applications for asylum, withholding of removal, relief under the Convention Against Torture, and cancellation of removal. For the reasons

———————————————

[1]The Honorable Kristine G. Baker, United States District Court for the Eastern District of Arkansas, sitting by designation.

stated below, we vacate the BIA's order and remand for further administrative proceedings.

I. Background.

Daniel Flores was born as Jose Julio Granadeno-Rosales. Flores is a native and citizen of El Salvador and former Sergeant in the El Salvadoran military. Flores joined the military in 1985. In 1988, guerillas went to his father's house. The guerillas attempted to extort Flores's father and also asked about Flores's whereabouts. When Flores's father refused to meet the guerillas' extortion demands, the guerillas killed him. After his father's murder, Flores began to see his name on guerilla propaganda flyers that listed names of people wanted by the guerillas. Flores also claims that other soldiers were tortured and killed. Flores's military supervisor told Flores to flee and use a different name in case the guerillas stopped him and asked for identification. Flores adopted the name Daniel Flores, fled El Salvador, and entered the United States on April 23, 1989, without inspection.

Soon after Flores arrived in the United States, guerillas went to his mother's house looking for him. When Flores's mother refused to give information on his whereabouts, the guerillas killed her and raped Flores's fifteen-year-old sister. The guerillas later returned and killed Flores's stepfather.

Flores first applied for asylum in 1994 and later applied for withholding of removal and relief under the Convention Against Torture (CAT). On his asylum application, and throughout most of his time in the United States, he has used the name Daniel Flores. Flores also stated that his name was Daniel Flores at two different immigration hearings. However, in 2010, Flores applied for cancellation of removal under his birth name. At an August 2010 merits hearing, Flores informed the immigration court for the first time that his birth name is Jose Julio Granadeno-

Rosales. Flores also submitted documentary evidence to prove his birth name immediately prior to this hearing.

After the hearing, the Immigration Judge (IJ) denied Flores's applications for asylum, withholding of removal, and CAT relief. When analyzing Flores's applications, the IJ assumed his testimony was credible and his application was timely filed. First, the IJ determined that Flores had not suffered past persecution, stating: "[Flores] does not claim that he was personally persecuted in El Salvador. While [Flores] claims that numerous family members and acquaintances have been harmed in El Salvador, [Flores] is not the victim of past persecution." Next, the IJ held that Flores did not have a well-founded fear of future persecution because he did not identify "a nexus between the harm that he fears and a protected ground." Instead, the IJ found Flores's "fear of future harm is based upon general crime and violence which affects all Salvadorans."[2]

The IJ also denied Flores's application for cancellation of removal, finding that Flores had failed to demonstrate that he was a person of good moral character during the past ten years as required for cancellation of removal. The IJ held that Flores lacked good moral character because he provided false testimony for the purpose of obtaining an immigration benefit under 8 U.S.C. § 1101(f)(6).[3] In the opinion, the IJ discussed at length Flores's use of a false name, but did not state how this testimony was used for the purpose of obtaining an immigration benefit.

---

[2]Based on the disposition of the asylum claim, the IJ also denied Flores's applications for withholding of removal and CAT relief.

[3]The IJ also found that Flores lacked good moral character under § 1101(f)(3) because he helped his wife enter the United States illegally. The BIA rejected this finding, stating that any assertion that Flores helped his wife enter the United States illegally was "overly speculative," and the Government has not cross-appealed this issue.

Flores appealed to the BIA on multiple grounds, including that the IJ erred in: 1) finding he did not suffer past persecution, 2) not considering whether he changed his name to Daniel Flores under Kansas common law, and 3) failing to expressly find any false statements were for the purpose of obtaining an immigration benefit. The BIA affirmed the denial of all of Flores's applications.

First, the BIA rejected Flores's application for asylum. The BIA stated that the IJ "observed that the respondent did not claim that he has been persecuted in the past, and found that fears the respondent has of future persecution were from the criminal elements active in his native country and not on account of a ground protected under the act." The BIA later stated:

> The problems respondent argues his family faced in the past in El Salvador were part of the civil war in that country during that time. The respondent served in the military and, as a result, his family was targeted by the opposing forces. Although he also claims family members have suffered since the end of the war, he has presented very little evidence of this claim. The problems during the conflict do not constitute past persecution and the respondent has failed to demonstrate that he has a well-founded fear of persecution on account of his past military service. While members of the criminal gangs in El Salvador may have been guerillas during the civil war, the record also shows that many members of the gangs were previously with the military. General criminality and conditions of violence and civil unrest in a home country are not sufficient to prove a claim within the meaning of the Act.[4]

Next, the BIA upheld the IJ's denial of Flores's application for cancellation of removal. The BIA relied on the IJ's determination that Flores was not eligible for relief because he failed to demonstrate good moral character, specifically that he had provided false testimony for the purpose of obtaining an immigration benefit under

---

[4]Like the IJ, the BIA denied Flores's withholding of removal and CAT applications based on the disposition of the asylum application.

-4-

8 U.S.C. § 1101(f)(6). The BIA stated that Flores "misrepresented his identity for at least the past 10 years," and detailed various instances in which Flores gave a false name. The BIA rejected Flores's claim that the IJ needed to find that Flores gave false testimony for the purpose of obtaining an immigration benefit, stating:

> Various other arguments raised by the respondent, including that the Immigration Judge needed to specifically identify the respondent's subjective intent, are without merit. The respondent was in proceedings to determine his removability, and, under oath, he provided a false name and birth date. While it is unclear whether there was specific relief that the respondent hoped to qualify for, given the venue of his more recent false claims and the past applications, he clearly intended to obtain a benefit under the act. To the extent the respondent argues that use of an alias is consistent with fear of returning to a country of persecution, here the respondent left El Salvador in 1989, but continued to use a false name as late as before the Immigration Judge in 2009.

Finally, the BIA rejected Flores's claim that he did not give false testimony because he changed his name to Daniel Flores under Kansas common law. The BIA found that Flores had not changed his name, because "the case law . . . specifically indicates that the adoption of the new name must be without any intended fraud. Here, respondent was engaging in fraud in an attempt to obtain immigration benefits."

II. Discussion.

Flores raises several arguments on appeal, including that the BIA's denial of his applications for asylum, withholding of removal, and CAT protection is not supported by substantial evidence and that the BIA engaged in improper factfinding when analyzing whether Flores gave false testimony for the purpose of obtaining an immigration benefit. We address each argument in turn.

A. Asylum, Withholding of Removal, and CAT Applications.

To establish eligibility for asylum, an applicant must show he is "unwilling or unable to return to his home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Vonhm v. Gonzales, 454 F.3d 825, 827 (8th Cir. 2006) (quoting 8 U.S.C. § 1101(a)(42)(A)). If an applicant proves past persecution, the applicant is entitled to a rebuttable presumption of a well-founded fear of future persecution. El-Sheikh v. Ashcroft, 388 F.3d 643, 646 (8th Cir. 2004). "In a close case, the question of past persecution . . . may well be critical, because it determines [who] has the burden of proof on issues such as changed country conditions . . . ." Id. (alteration in original) (citation and internal quotation omitted). We review the BIA's denial of an application for asylum "using the deferential substantial evidence standard." Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008). The BIA's legal conclusions are reviewed *de novo*. Lopez-Gabriel v. Holder, 653 F.3d 683, 685–86 (8th Cir. 2011).

Reviewing the BIA's opinion, it is unclear why the BIA upheld the IJ's finding that Flores did not suffer past persecution. At first, the BIA appears to repeat the IJ's conclusion that persecution to family members cannot constitute past persecution. The BIA states that the IJ "observed that the respondent did not claim that he has been persecuted in the past." However, the BIA later discusses the harms suffered by Flores's family, stating that "[a]lthough he also claims family members have suffered since the end of the war, he has presented very little evidence of this claim." The BIA then discusses the general, ongoing violence during the conflict at the time of Flores's claimed persecution, and holds that "[g]eneral criminality and conditions of violence and civil unrest in a home country are not sufficient." Because the basis for the BIA's rejection of Flores's past persecution claim is unclear, we remand to the BIA for clarification. See Omondi v. Holder, 674 F.3d 793, 800–01 (8th Cir. 2012) ("[T]he

. . . BIA must give reasons that are 'specific' enough that a reviewing court can appreciate the reasoning behind the decision and perform the requisite judicial review." (internal quotation omitted)).

Remand is also necessary because if the BIA is upholding the IJ's apparent adoption of a blanket rule that past persecution to family members can never be the basis for a past persecution claim, this is an incorrect statement of the law. According to our well-settled case law: "Without question, acts of violence against family members on account of [a protected ground] 'may demonstrate persecution if they show a pattern of persecution tied to the petitioner.'" Jalloh v. Gonzales, 418 F.3d 920, 923 (8th Cir. 2005) (quoting Ahmadshah v. Ashcroft, 396 F.3d 917, 920 (8th Cir. 2005) (finding past persecution where the petitioner was threatened due to his religious beliefs and his sister was murdered when members of a militia came to petitioner's home looking for him)).

Alternatively, if the BIA based its decision on a finding that Flores's claims of past persecution based on past harms to his family were not on account of a protected ground, the BIA engaged in improper factfinding. "'[T]he BIA does not have authority to engage in factfinding, except to take administrative notice of commonly known facts.'" Waldron v. Holder, 688 F.3d 354, 360 (8th Cir. 2012) (alteration in original) (quoting Nabulwala v. Gonzales, 481 F.3d 1115, 1118 (8th Cir. 2007)). Instead, the BIA is limited to determining "whether the [factual] findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i). The IJ rejected Flores's claim of past persecution solely by holding that past persecution based on harm to family cannot constitute past persecution and made no factual findings regarding whether Flores's alleged past persecution was on account of a protected ground. Therefore, any potential findings by the BIA about whether Flores's claimed past persecution was on account of a protected ground would be the result of an independent, improper factual analysis by the BIA.

B. Cancellation of Removal Application.

To be eligible for cancellation of removal an applicant must demonstrate good moral character for ten years preceding the date he or she applied for cancellation of removal. 8 U.S.C. § 1229b(b)(1). If an applicant gives false testimony for the purpose of obtaining an immigration benefit within that ten-year period, he or she does not demonstrate good moral character. 8 U.S.C. § 1101(f)(6). False testimony under § 1101(f)(6) is "limited to oral statements made under oath." Kungys v. United States, 485 U.S. 759, 780 (1988). "[Section] 1101(f)(6) applies to only those misrepresentations made with the subjective intent of obtaining immigration benefits." Id. Therefore, the IJ, as the trier of fact, is required to determine whether an applicant gives false testimony with the "subjective intent of thereby obtaining immigration . . . benefits." Id. at 782.

Although the IJ discussed instances where Flores used the name Flores rather than his birth name, the IJ did not discuss whether Flores gave a false name *for the purpose of* obtaining an immigration benefit. Regarding whether Flores gave false testimony to obtain an immigration benefit, the BIA stated:

> While it is unclear whether there was specific relief that the respondent hoped to qualify for, given the venue of his more recent false claims and the past applications, he clearly intended to obtain a benefit under the act. To the extent the respondent argues that use of an alias is consistent with fear of returning to a country of persecution, here the respondent left El Salvador in 1989, but continued to use a false name as late as before the Immigration Judge in 2009.

Because the BIA engaged in an independent factual analysis, instead of simply reviewing the IJ's factual findings for clear error, the BIA exceeded the proper scope of review. Waldron, 688 F.3d at 361. We remand to the BIA to conduct a proper

review of the IJ's factual findings, and if additional factfinding is necessary, the BIA may remand to the IJ. Id.

The BIA also relied on the same improper factfinding to determine that Flores had not changed his name under Kansas common law. The BIA held that Flores did not meet the requirements for a name change under Kansas common law because he intended fraud — specifically, he used the name Daniel Flores to obtain an immigration benefit. Therefore, we remand to the BIA to conduct proper factual review on this issue as well.

III. Conclusion.

For the foregoing reasons, we vacate the decision of the BIA and remand for further proceedings consistent with this opinion.

_____