# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1911

_____

Linabel Mejia-Ramos

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 14, 2019
Filed: August 15, 2019

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

Petitioner Linabel Mejia-Ramos (Linabel) seeks review of the Board of Immigration Appeals' (BIA) denial of her request for asylum and/or withholding of removal. Because the record does not compel reversal of the BIA's determinations, we affirm.

## I.    BACKGROUND

Linabel is a native and citizen of Honduras who entered the United States on or about January 3, 2014, when she was 26 years old.  On January 22, 2014, the Department of Homeland Security (DHS) initiated removal proceedings against her and Linabel filed an application for asylum and for withholding of removal.

During the removal proceedings, Linabel testified that she is married, has one child, and has family still remaining in Honduras, including her mother and four siblings.  However, her father and one of her brothers were kidnapped in 2008 and have not been heard from since that time.  On or about July 16, 2008, on a day that her family attended a funeral of a friend within ten minutes of their house, Linabel's father and brother approached an intersection in their vehicle.  When they stopped due to traffic, they were kidnapped for ransom money by men wearing police vests.  Other family members were not with them when this occurred.  Witnesses later told Linabel that six people got out of a car wearing vests with the initials "DGIC" on them, which Linabel testified was, at least at one time, a division of the police department.  Linabel was not certain if that particular division still existed, however.  Linabel also noted that oftentimes gang members wore such vests as well.  Linabel and her mother went to several police stations for assistance regarding the kidnapping but there has been no resolution to-date.  The family received ransom calls that day from unknown individuals but the family never heard from anyone again regarding ransom, the whereabouts, or fate of Linabel's father and brother.

Linabel testified that her father was a businessman who owned a coffee plantation and a carpenter's shop, was known throughout the community, and lived comfortably.  Another notable incident involving Linabel occurred a few days after the kidnapping of her father and brother.  Linabel and her cousin were driving in a vehicle and a car passed them on the road.  The car then stopped abruptly as if to cut them off.  Linabel's cousin was able to turn around and avoid any confrontation with

that vehicle and the other vehicle proceeded on its way. Then in 2013, five years after the kidnapping of her family members and her own car blockage incident, Linabel received a phone call from an anonymous person who told her that what happened to her father and brother would happen to her. She also testified that another friend of her father, Renan Zuniga, was also kidnapped. Zuniga helped Linabel's family after her father was kidnapped, and was kidnapped himself one day when he was waiting in his vehicle while Linabel had a meeting with a woman regarding work at the carpentry shop. Linabel does not know anything about what happened to Zuniga after that day but believes he was kidnapped because he tried to help Linabel's family. As mentioned, Linabel's mother and siblings remain in Honduras and have not been threatened nor have they experienced anything similar to what happened to Linabel's father and brother. However, Linabel believes that individuals are envious of her family because of their financial status and she remains in fear of returning to Honduras.

The Immigration Judge (IJ) found Linabel's testimony credible but held that she fell short of establishing the requisite level of harm for the relief sought. The IJ further held that Linabel failed to show that the government is unable or unwilling to control the individuals she fears, and further failed to establish that the alleged persecution was on account of her membership in a particular social group, which she claimed was her membership in the Mejia-Ramos family. The IJ also noted that despite Linabel's credible fears of returning to Honduras, she failed to establish that a reasonable person in her position would fear persecution upon return. It necessarily followed from these findings that Linabel failed to meet the more rigorous standard required for the relief of withholding of removal under the Immigration and Nationality Act (INA). The BIA agreed with the IJ, found no error in the IJ's findings of fact, and ultimately dismissed Linabel's appeal. The BIA specifically stated that the record in this case did not indicate that Linabel's family membership was or will be at least one central reason for the harm she experienced, or that she may suffer upon her return to

Honduras. Indeed, the BIA concluded that the criminals targeted Linabel for no other reason than to increase their wealth through criminal activity.

## II. DISCUSSION

"We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Davila-Mejia v. Mukasey, 531 F.3d 624, 627 (8th Cir. 2008). "A denial of asylum is reviewed for abuse of discretion; underlying factual findings are reviewed for substantial support in the record." Id. (quoting Hassan v. Gonzales, 484 F.3d 513, 516 (8th Cir. 2007)). The agency's decision denying a request for asylum and withholding of removal will be upheld if supported by substantial evidence in the record, an "extremely deferential standard of review." Al Yatim v. Mukasey, 531 F.3d 584, 587 (8th Cir. 2008) (quoting Salkeld v. Gonzales, 420 F.3d 804, 809 (8th Cir. 2005)). Under the substantial evidence standard, this court will not reverse the agency's decision unless the "petitioner demonstrates that the evidence was so compelling that no reasonable fact finder could fail to find in favor of the petitioner." Mayorga-Rosa v. Sessions, 888 F.3d 379, 382 (8th Cir. 2018) (quoting De Castro-Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013)).

### A. Asylum

"The Attorney General has discretion to grant asylum to a refugee." Matul-Hernandez v. Holder, 685 F.3d 707, 711 (8th Cir. 2012) (quoting Al Yatim, 531 F.3d at 587). To establish eligibility for asylum, an applicant bears the burden of proving that he or she is a refugee as defined by the INA. 8 C.F.R. § 1208.13(a). A refugee is a person "unwilling or unable to return to his home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality,

membership in a particular social group, or political opinion.'" Vonhm v. Gonzales, 454 F.3d 825, 827 (8th Cir. 2006) (quoting 8 U.S.C. § 1101(a)(42)(A)).

"Persecution includes the credible threat of death, torture, or injury to one's person or liberty on account of a protected ground." Al Yatim, 531 F.3d at 587. "'Persecution is an extreme concept' that 'does not include low-level intimidation and harassment.'" Lopez-Amador v. Holder, 649 F.3d 880, 884 (8th Cir. 2011) (quoting Zakirov v. Ashcroft, 384 F.3d 541, 546 (8th Cir. 2004)). "Absent physical harm, the incidents of harassment, unfulfilled threats of injury, and economic deprivation are not persecution." Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007). And, "[w]hile acts of violence against a family member may demonstrate a well-founded fear of persecution, those acts must be tied to the petitioner through a pattern of persecution such that the petitioner would also reasonably fear persecution." Id. Additionally, persecution requires that the asylum applicant show that "the assaults were either condoned by the government or were committed by private actors 'that the government was unwilling or unable to control.'" Beck v. Mukasey, 527 F.3d 737, 740 (8th Cir. 2008) (quoting Menjivar v. Gonzales, 416 F.3d 918, 921 (8th Cir. 2005)).

"A well-founded fear is one that is both subjectively genuine and objectively reasonable." Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997). "Subjectively, the petitioner must demonstrate that he genuinely fears persecution; objectively, the petitioner must show 'credible, direct, and specific evidence that a reasonable person in the [petitioner's] position would fear persecution' if returned." Quomsieh, 479 F.3d at 605 (alteration in original) (quoting Feleke, 118 F.3d at 598). "If an applicant proves past persecution, the applicant is entitled to a rebuttable presumption of a well-founded fear of future persecution." Flores v. Holder, 699 F.3d 998, 1003 (8th Cir. 2012).

The administrative record does not compel the conclusions that the BIA and the IJ misconstrued the facts or that Linabel met her burden of proving past persecution or a well-founded fear of future persecution based on a protected status. Mayorga-Rosa, 888 F.3d at 382. We need not go further than Linabel's claims of persecution to make this determination.

Linabel failed to establish that she was persecuted. In so holding we do not diminish the fact that Linabel experienced the tragic loss of her father and brother, was acquainted with a man shortly after her family's disappearance who was also kidnapped without explanation, had the startling experience of being cut off in a vehicle on the roadway at a time of great unease for her, and even five years later received a phone call threatening "the same thing" would happen to her. None of these events, however, rise to the level of persecution. While the kidnapping of her father, brother, and family friend are more troublesome, the evidence regarding the context of those disappearances supports the agency's determination that Linabel falls short of establishing that she, too, is in imminent, grave danger of experiencing the same, or that the effect of the kidnappings on Linabel injured her own freedom to the point of constituting persecution. Rather, the evidence establishes that the kidnappings were the result of criminal activity in the area by persons seeking wealth. And, Linabel's other experiences of intimidation and unfulfilled threats are insufficient to compel a finding of persecution. See Quomsieh, 479 F.3d at 606; Lengkong v. Gonzales, 478 F.3d 859, 863 (8th Cir. 2007). Linabel herself was never physically attacked while living in Honduras and her own mother and siblings remain in Honduras in the same location and are not subject to similar threats. Nothing in this record compels a conclusion different than the one arrived at by the agency.

Regarding future persecution, the evidence does not compel a finding contrary to the agency's determination that Linabel was unable to show a well-founded fear of future persecution. Although Linabel credibly testified about her subjective fear of

returning to Honduras, she failed to establish the objective element.  Zhuang v. Gonzales, 471 F.3d 884, 890 (8th Cir. 2006) (noting both the subjective and objective requirements).  The agency found persuasive the fact that Linabel's family continues to reside in Honduras unharmed, thus diminishing and undermining any objective fear of future persecution.  Alyas v. Gonzales, 419 F.3d 756, 761 (8th Cir. 2005) (establishing that the reasonableness of a fear of persecution is diminished when family members remain in the native country unharmed, and the applicant himself has not been singled out for abuse).  Substantial evidence supports the agency's finding that Linabel's stated fears of future persecution were not objectively reasonable and we affirm the denial of asylum on this basis.[1]

## B.    Withholding of Removal

Finally, "[w]ithholding of removal requires an even greater showing" than asylum.  Lopez-Amador, 649 F.3d at 884.  "To obtain withholding of removal, an alien must demonstrate a clear probability–i.e., that it is more likely than not–that he would suffer persecution on account of a protected ground."  Karim v. Holder, 596 F.3d 893, 897 (8th Cir. 2010).  As such, "an alien who fails to prove eligibility for asylum cannot meet the burden for withholding of removal."  Id.  Substantial evidence thus likewise supports the BIA's denial of withholding of removal.

---

[1]We also reject Linabel's claim (raised for the first time on appeal) that she is entitled to "humanitarian asylum" under 8 C.F.R. § 1208.13(b)(1)(iii)(A), (B).  This "court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  Molina v. Whitaker, 910 F.3d 1056, 1061 (8th Cir. 2018) (alteration in original) (quoting 8 U.S.C. § 1252(d)(1)).  "Failure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter."  Id. (quoting Ixtlilco-Morales v. Keisler, 507 F.3d 651, 656 (8th Cir. 2007)).  Linabel did not seek humanitarian asylum before either the IJ or BIA.

## III. CONCLUSION

We deny the petition for review.

_____