# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2237

———————————————

Kerlin Diaz-Castro; K.E.D.; K.E.D. 2; K.E.D. 3; K.E.D. 4

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: March 2, 2023
Filed: March 7, 2023
[Unpublished]

——————————

Before LOKEN, KELLY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Honduran citizen Kerlin Diaz-Castro and her four children petition for review of an order of the Board of Immigration Appeals, which affirmed an immigration judge's decision denying asylum and withholding of removal.

Substantial evidence supports the agency's determination that Diaz-Castro[1] did not demonstrate eligibility for asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (eligibility requirements); Cano v. Barr, 956 F.3d 1034, 1038 (8th Cir. 2020) (standard of review). Even assuming she was a member of a cognizable particular social group, she did not show past persecution. See Mejia-Ramos v. Barr, 934 F.3d 789, 791-93 (8th Cir. 2019) (persecution is an "extreme concept" that excludes "low-level intimidation and harassment" (citation omitted)); see also Cano, 956 F.3d at 1039-40 (acts of violence against family members may demonstrate past persecution only if they show a pattern of persecution tied to petitioner). The record also does not compel the conclusion that she had a well-founded fear of persecution, particularly since she submitted evidence that undermined her own testimony. See Lemus-Arita v. Sessions, 854 F.3d 476, 482 (8th Cir. 2017) (applicant must prove objective reasonableness through "credible, direct, and specific evidence"; the fear "must have basis in reality" and not be "so speculative or general as to lack credibility" (citations omitted)); see also Garland v. Ming Dai, 141 S. Ct. 1669, 1680 (2021); Hassan v. Ashcroft, 388 F.3d 661, 665-66 (8th Cir. 2004). The immigration judge's decision was sufficient to permit review, and it is well established that the immigration judge had no obligation to specifically discuss every positive or negative factor or every piece of evidence in its analysis. See Padilla-Franco v. Garland, 999 F.3d 604, 609 (8th Cir. 2021); Silvestre-Giron v. Barr, 949 F.3d 1114, 1117 n.1 (8th Cir. 2020); Averianova v. Holder, 592 F.3d 931, 936 (8th Cir. 2010).

---

[1]We refer to Diaz-Castro, the lead petitioner, because her children are derivative beneficiaries on her asylum application. See 8 U.S.C. § 1158(b)(3)(A)-(B); Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam). The denial of protection under the Convention Against Torture is not before the court. See Camishi v. Holder, 616 F.3d 883, 886 (8th Cir. 2010) (to seek judicial review, noncitizen must exhaust all administrative remedies); Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised or meaningfully argued in opening brief is waived).

Because the failure to show past persecution and a well-founded fear of persecution disposed of Diaz-Castro's claims for asylum and withholding of removal, we do not consider her remaining arguments.  See Cano, 956 F.3d at 1040 & n.4.

Accordingly, we deny the petition for review.

_____