# United States Court of Appeals
## For the Eighth Circuit

———————————————

Nos. 20-3681, 23-1667

———————————————

Veronica Griselda Mena-Leon; W.A.A.; C.D.A.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Submitted: December 15, 2023
Filed: February 7, 2024
[Unpublished]

———————

Before SMITH, Chief Judge, GRUENDER and GRASZ, Circuit Judges.

———————

PER CURIAM.

In 2008, Veronica Mena-Leon, a citizen of El Salvador, entered the United States using an altered visa and a counterfeit Guatemalan passport. The Department of Homeland Security ("DHS") processed Mena-Leon for expedited removal, *see* 8 U.S.C. § 1225(b)(1), and removed her from the United States.

In 2014, Mena-Leon and her two minor children, W.A.A. and C.D.A., entered the United States without being admitted or paroled. DHS reinstated Mena-Leon's 2008 removal order and charged W.A.A. and C.D.A. with removability under 8 U.S.C. § 1182(a)(6)(A)(i). Mena-Leon filed an application for withholding of removal, *see id.* § 1231(b)(3)(A), and protection under the Convention Against Torture ("CAT"). W.A.A. and C.D.A. conceded removability but filed applications for asylum, *see id.* § 1158, withholding of removal, *see id.* § 1231(b)(3)(A), and protection under the CAT.

An Immigration Judge ("IJ") held a hearing on the applications. Mena-Leon testified that she operated a seafood shop in El Salvador with her sister-in-law, Maria Alvarez Bonilla. Gang members attempted to extort money from Bonilla, and, in 2014, men with tattoos of the Mara 18 gang shot and killed Bonilla. The gang members involved in Bonilla's murder were arrested but subsequently released and never imprisoned. After Bonilla's murder, Mena-Leon received one phone threat and two written threats from gang members. The threats instructed Mena-Leon to pay the gang members extortion money. Mena-Leon did not report these threats to the police.

The IJ denied the applications, and Mena-Leon and her children appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal. Mena-Leon and her children subsequently moved the BIA to reopen their applications in light of the Attorney General's decisions vacating *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), and *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019), but the BIA denied the motions. Mena-Leon and her children now petition this court for review of the BIA's decisions.

"Only the BIA order is subject to our review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." *Uriostegui-Teran v. Garland*, 72 F.4th 852, 855 (8th Cir. 2023) (citing *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1117 (8th Cir. 2020)). "We review questions of law de novo, and we review the [BIA's] factual determinations, including its decision that an applicant

has failed to establish eligibility for asylum, withholding of removal, or CAT relief, under the substantial evidence standard." *Cano v. Barr*, 956 F.3d 1034, 1038 (8th Cir. 2020). Under this "extremely deferential standard of review[,] . . . this court will not reverse the [BIA's] decision unless the petitioner demonstrates that the evidence was so compelling that no reasonable fact finder could fail to find in favor of the petitioner." *Mejia-Ramos v. Barr*, 934 F.3d 789, 792 (8th Cir. 2019) (internal citation and quotation marks omitted). We review the BIA's denial of an applicant's motion to reopen her case for an abuse of discretion. *Pacheco-Moran v. Garland*, 70 F.4th 431, 441 (8th Cir. 2023).

We begin with the claims for asylum and withholding of removal. To qualify for asylum, an applicant must be "unable or unwilling to return to [her home country] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1101(a)(42). To qualify for withholding of removal, an applicant "bears the even higher burden of demonstrating a 'clear probability' that she will be persecuted on account of her membership in a particular social group." *Fuentes-Erazo v. Sessions*, 848 F.3d 847, 852 (8th Cir. 2017). For both asylum and withholding of removal claims, there must exist a nexus between the persecution suffered or feared by the applicant and the applicant's membership in the claimed social group. *See Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 868 (8th Cir. 2018) (noting that the harm suffered by an applicant cannot be "incidental or tangential to the persecutor's motivation").

Mena-Leon claims that she has a well-founded fear of future persecution by gang members based on her membership in the social group of "family members of Maria Alvarez Bonilla." However, the record in this case does not compel the conclusion that the harm Mena-Leon suffered and fears in El Salvador actually was, or will be, inflicted by gang members on account of her familial relationship with Bonilla. *See Mejia-Ramos*, 934 F.3d at 792 (holding that, under the substantial evidence standard, this court will only reverse a BIA ruling if the evidence not only supports a contrary conclusion but compels it). Mena-Leon testified that she was a

business owner and that, after Bonilla was murdered, gang members demanded she pay them extortion money. Given Mena-Leon's testimony, substantial evidence supports the BIA's determination that Mena-Leon was targeted by gang members because of her status as a business owner whom the gang could extort for money and not due to her familial relationship with Bonilla. Mena-Leon is thus ineligible for withholding of removal. *See Cambara-Cambara v. Lynch*, 837 F.3d 822, 826 (8th Cir. 2016) (rejecting the petitioners' claims for asylum based on family membership where "they provided no proof that the criminal gangs targeted members of the family because of family relationships, as opposed to the fact that, as prosperous businessmen, they were obvious targets for extortionate demands"). As the children's applications are based on the same facts as Mena-Leon's application and they have not offered any evidence independent of her application, we likewise conclude that the children are ineligible for asylum and withholding of removal.

We next turn to the claims for relief under the CAT. An applicant seeking relief under the CAT must "establish that it is more likely than not that he or she would be tortured if removed to" her home country. 8 C.F.R. § 1208.16(c)(2). The torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1). "A government's willful blindness toward the torture of citizens by third parties amounts to unlawful acquiescence." *Khrystotodorov v. Mukasey*, 551 F.3d 775, 782 (8th Cir. 2008) (internal quotation marks omitted).

Mena-Leon and her children contend that they are entitled to relief under the CAT as the Salvadoran government will consent or acquiesce to their torture by gang members upon their return to El Salvador. However, the Salvadoran government has made efforts to combat gang violence as evidenced by the identification and arrest of the gang members involved in Bonilla's death. That the gang members were subsequently released and never imprisoned does not necessarily evidence governmental acquiescence in gang activities. The gang members involved in Bonilla's murder could have been released for a variety of reasons, perhaps due to

-4-

their status as minors or due to a lack of witnesses to the crime. *See Uriostegui-Teran*, 72 F.4th at 856 (holding that a government's inability to "do anything" did not evidence governmental acquiescence to criminal-gang-inflicted torture). Consequently, substantial evidence supports the BIA's determination that Mena-Leon and her children are ineligible for relief under the CAT.

Mena-Leon and her children assert that their due process rights were violated as the denial of their applications was based on "speculation and conjecture." To establish a due process violation, an applicant "must demonstrate both a fundamental procedural error and prejudice as a result of the error." *Fofana v. Holder*, 704 F.3d 554, 557 (8th Cir. 2013). As previously discussed, the BIA's findings are supported by substantial evidence in the record. Mena-Leon and her children disagree with the weight that the BIA accorded the evidence, but we reject their "efforts to recharacterize their claims regarding credibility and persuasiveness as constitutional contentions." *Id.* at 557-58. Accordingly, we discern no due process violation.

We finally consider whether the cases should be reopened in light of the Attorney General's decisions vacating *Matter of A-B-* and *Matter of L-E-A-*. The BIA cited *Matter of A-B-* and *Matter of L-E-A-* for the general propositions that the BIA is not required to make findings on non-dispositive issues and that, to establish eligibility for asylum and withholding of removal, an applicant must show a nexus between the harm suffered and the proposed social group. Thus, in each instance that the BIA cited *Matter of A-B-* and *Matter of L-E-A-*, it did so for general propositions that are amply supported by the law of this circuit. *See, e.g.*, *Prieto-Pineda v. Barr*, 960 F.3d 516, 522 (8th Cir. 2020) (noting that the BIA is not required to "decide issues unnecessary to the final resolution of [an applicant's] appeal"); *Fuentes-Erazo*, 848 F.3d at 851 (articulating the nexus requirement). The BIA did not err in denying the motions to reopen the cases.

For the foregoing reasons, we deny the petition for review.

_____